Case 7:15-cv-00313   Document 23   Filed in TXSD on 06/28/16   Page 1 of 1

United States District Court
Southern District of Texas
**ENTERED**
June 29, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| VERONICA NEVAREZ, §<br>　　Plaintiff §<br>vs. §<br> §   CIVIL ACTION NO. 7:15-CV-00313<br>CAROLYN W. COLVIN, ACTING §<br>COMMISSIONER OF THE SOCIAL SECURITY §<br>ADMINISTRATION §<br>　　Defendant. § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's action pursuant to 42 U.S.C. 405(g), which had been referred to the Magistrate Court for a report and recommendation. On May 2, 2016, the Magistrate Court issued the Report and Recommendation, recommending that Plaintiff's Motion for Summary Judgment be denied, that Defendant's Motion for Summary Judgement be granted, and that the Commissioner's final decision to deny benefits be affirmed. The time for filing objections has passed and no objections have been filed.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court has reviewed the Report and Recommendation for clear error.[1] Finding no clear error, the Court adopts the Report and Recommendation in its entirety. Accordingly, it is hereby ORDERED that Plaintiff's Motion for Summary Judgment (Dkt. No. 16) is **DENIED**, Defendant's Motion for Summary Judgement (Dkt. No. 18) is **GRANTED** to the extent consistent with the findings and conclusions in the Magistrate's Report, and the Commissioner's final decision to deny benefits is **AFFIRMED**. This case is ordered closed.

IT IS SO **ORDERED.**

DONE at McAllen, Texas, this 28th day of June, 2016.

_____
Micaela Alvarez
United States District Judge

---

[1] As noted by the Fifth Circuit, "[t]he advisory committee's note to Rule 72(b) states that, '[w]hen no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Douglas v. United Services Auto. Ass'n, 79 F.3d 1415, 1420 (5th Cir. 1996)(quoting Fed. R. Civ. P.72(b) advisory committee's note (1983)) *superceded by statute on other grounds by* 28 U.S.C. § 636(b)(1), *as stated in* ACS Recovery Servs., Inc v. Griffin, No. 11-40446, 2012 WL 1071216, at *7 n.5 (5th Cir. April 2, 2012).